UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: -cv-

Rajmund Hauer
    Plaintiff,

v.

SCI Funeral Services of Florida, LLC.
d/b/a Riverside Gordon Memorial Chapels,
a Florida Limited Liability Company, and
Denise M. Davis, individually

    Defendants.
_____/

## COMPLAINT

Plaintiff, RAJMUND HAUER (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendants, SCI FUNERAL SERVICES OF FLORIDA, LLC. d/b/a RIVERSIDE GORDON MEMORIAL CHAPELS, a Florida Limited Liability Company (hereafter referred to as "SCI FUNERAL") and DENISE M. DAVIS, an individual (hereafter referred to as "DAVIS") (collectively referred to as "Defendants") stating as follows:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs, and attorney's fees for willful violations of overtime wages under the laws of the United States and the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq.* (hereafter referred to as "FLSA"), and violation of Florida Statute § 448.110.

### PARTIES

2. Plaintiff, RAJMUND HAUER, is an adult male who presently resides in Miami, Miami-Dade County, Florida.

3. Defendant, SCI FUNERAL, a Florida Limited Liability Company did at all material times, conduct substantial and continuous business in the Southern District of Florida. SCI FUNERAL is located at 17250 W Dixie Highway, North Miami Beach, Florida 33160

4. Defendant, DAVIS, is an adult female who presently resides in Miami-Dade County, Florida and who is the manager of SCI FUNERAL and has control over the day to day operations of same.

5. The Defendants are an enterprise engaged in an industry affecting interstate commerce, are "employer[s]" as defined by 29 U.S.C. §203(d) and s(1), in that they have employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

6. Based upon information and belief, the annual gross sales volume of the Defendants entity was in excess of $500,000.00 per annum at all times material hereto.

7. At all times material hereto, Plaintiff is and continuous to be a resident of Miami, Miami-Dade County Florida and was an "employee" of Defendants within the meaning of the FLSA.

8. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

9. At all times material hereto, Defendants are and continue to be an "employer" within the meaning of the FLSA.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction over this suit pursuant to 29 U.S.C. §216 and 28 U.S.C. §1331.

11. Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Miami-Dade County.

## FACTUAL ALLEGATIONS

12. On or about August 27, 2017 Plaintiff was hired as funeral attendant by Defendants.

13. On or about September 30, 2019, Plaintiff no longer worked for Defendants.

14. During the period of November 2017 to February 2, 2018, Plaintiff was paid at an hourly rate of $10.00

15. During the period of February 3, 2018 to February 28, 2019 Plaintiff was paid at an hourly rate of $12.00.

16. During the period of March 1, 2019 to September 2019, Plaintiff was paid at an hourly rate of $13.00.

17. Plaintiff worked in excess of forty (40) hours per week but was not paid at the rate of time-and-one-half his hourly rate.

18. Between November of 2017 and February 2, 2018 Plaintiff worked approximately fifty (50) overtime hours.

19. Additionally, between November of 2017 and February 2, 2018, Plaintiff worked one hundred four (104) regular hours for which he was not paid at all.

20. Between February 3, 2018 and February 28, 2019, Plaintiff worked approximately four hundred seventy (472) overtime hours.

21. Between March 1, 2019 to September 30, 2019, Plaintiff worked approximately one hundred sixty-eight (168) overtime hours.

22. Although Defendants were able to keep track of hours worked by Plaintiff, Defendants failed to pay Plaintiff an overtime rate when working in excess of forty (40) hours a week.

23. Plaintiff should have been paid an hourly, non-exempt rate during the entire course of his employments with Defendants.

24. Plaintiff is still owed for his overtime work completed from November of 2017 to September 30, 2019.

25. Plaintiff is still owed for his regular work completed from November of 2017 to February 2, 2018

26. Defendants intentionally and willfully employed Plaintiffs for many work weeks longer than forty (40) hours, and failed and refused to compensate Plaintiff for such work in excess of forty hours at rates no less than one and one-half times the regular rate at which he was employed.

27. On or about November 21, 2019, Plaintiff through undersigned counsel sent Defendants a demand letter.

28. Plaintiff provided Defendants with the mandatory pre-suit notice.

### COUNT I
### Violation of 29 U.S.C. §207 (Unpaid Overtime)

29. Plaintiff re-alleges and re-incorporates paragraphs 1- 28 as fully alleged herein.

30. As of November of 27 in addition to Plaintiff's normal, regular work week, Plaintiff worked additional hours in excess of forty (40) per week which he was not compensated at the statutory rate of time and one-half.

31. Plaintiff was entitled to be paid at the rate of time and one-half for the hours he worked in excess of the maximum hours provided for in the FLSA.

32. Defendants failed to pay Plaintiff's overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

33. At all times, Defendants willfully employed Plaintiff for many work weeks longer than forty hours, and failed and refused to compensate Plaintiff for such work in excess of forty hours at rates no less than one and one-half times the regular rate at which he was employed.

34. As a result of the unlawful acts by Defendants, Plaintiff and all persons similarly situated to him have been deprived of minimum wages in amounts to be determined and is entitled to recovery of liquidated damages in the same amount plus reasonable attorney's fees and costs.

35. Defendants remain owing Plaintiff overtime wages and Plaintiff is entitled to recover double damages pursuant to the FLSA.

36. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to him are in the possession and custody of Defendants.

37. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

38. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

39. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount in liquidated damages.

40. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in their favor against Defendants:

   a. Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

   b. Awarding Plaintiff overtime compensation in the amount calculated;

   c. Awarding Plaintiff liquidated damages in the amount calculated;

   d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   e. Awarding Plaintiff post-judgment interest; and

   f. Ordering any other and further relief this Court deems to be just.

## COUNT II
### Violation of Florida Statute 448.110 (Below Minimum Wage)
*(Against the Defendants)*

41. Plaintiff re-alleges and reincorporates paragraphs 1-28 as fully alleged therein.

42. In many weeks, Plaintiff, was not paid minimum wages for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

43. Plaintiff is entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

44. By reason of the intentional, willful and unlawful acts of the Defendants, in violation of the FLSA, Plaintiff has suffered damages.

45. Plaintiff provided Defendants with the mandatory pre-suit notice.

WHEREFORE, Plaintiff demands judgment against the Defendants, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

### **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223