UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-23574-MGC

Rajmund Hauer,

    Plaintiff,

vs.

SCI Funeral Services of Florida, LLC,
d/b/a Riverside Gordon Memorial Chapels,
a Florida Limited Liability Company, and
Denise M. Davis, individually,

    Defendants.
_____/

**PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff, Rajmund Hauer ("Plaintiff"), and Defendants, SCI Funeral Services of Florida, LLC d/b/a Riverside Gordon Memorial Chapels and Denise M. Davis ("Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties"), file this Motion for Approval of Settlement Agreement ("Motion"), and in support thereof, the Parties state as follows:

**I.    BACKGROUND**

Plaintiff, a former employee of SCI Funeral Services of Florida, LLC d/b/a Riverside Gordon Memorial Chapels, filed the instant action in the Southern District of Florida on or about August 27, 2020, against Defendants for unpaid wages, including overtime wages allegedly due pursuant to the Fair Labor Standards Act ("FLSA"). *See* D.E. 1.  Counsel for the respective Parties engaged in negotiations resulting in the successful resolution of this action.  Specifically, the Parties had a bona fide dispute under the FLSA, and Defendants asserted, and continue to assert, that Defendants properly paid Plaintiff all wages, had reasonable grounds to believe they were in compliance with the FLSA at all times, and acted in good faith and not in violation of the

FLSA. Nonetheless, the Parties have agreed to resolve this matter with no admission of liability by any party.

The Parties' settlement of Plaintiff's FLSA claims are reflected in the terms of the Parties' FLSA Settlement Agreement, a copy of which is attached hereto as Exhibit A. Plaintiff accepts payment of the sums set forth therein, and Defendants agree to pay for purposes of resolving this litigation.

This matter is being resolved without the compromise of Plaintiff's claims. Plaintiff represents and agrees that the payments he is receiving hereunder for back wages and liquidated damages equate to the full and complete payment of all wages (including overtime) he is allegedly owed. The calculations of hours worked and the regular rate used to determine the back wages and liquidated damages allegedly due Plaintiff were accepted by both Parties for purposes of resolving this litigation, including the overtime claims, without incurring the additional expenses associate with protracted litigation. The settlement of Plaintiff's FLSA claims includes payment of back wages and liquidated damages, along with payment of Plaintiff's attorneys' fees and costs. Plaintiff's attorneys incurred fees and costs in the amount of $3,800.00. Plaintiff's attorneys' fees and costs were negotiated and agreed upon separately.

All parties have been represented by counsel throughout the litigation. The Parties agreed to the terms of the settlement of Plaintiff's FLSA claim after they were counseled by their respective attorneys and confirm that the attached agreement includes every term and condition related to the Parties' settlement of Plaintiff's FLSA claim. Based on the foregoing, the Parties request the Court approve their amicable settlement and thereafter dismiss this action in its entirety with prejudice.

## II.     MEMORANDUM OF LAW

The overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. *See, e.g., Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S. Ct. 895, 902, 89 L. Ed. 1296 (1945). This general rule recognizes that there are often inequalities in bargaining power between employees and employers. However, if certain conditions are met, an employee may settle and waive FLSA claims against an employer.

Generally, there are two ways in which claims under the FLSA can be settled and released by employees. First, Section 216(c) of the FLSA specifically allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to employee is supervised by the Secretary of Labor. 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the District Court a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id*.; *see also, D. A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946); *Jarrard v. Southeastern Shipbuilding Corp*., 163 F.2d 960, 961 (5th Cir. 1947).

Therefore, an employee may properly settle and release FLSA claims against an employer without the supervision of the Secretary of Labor if: (1) the settlement agreement between the employer and the employee occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computation that are actually in dispute; and (3) the district court enters a stipulated judgment approving the settlement after scrutinizing the fairness of the settlement. *Lynn*, 679 F.2d at 1354.

Moreover, where, as in this case, an employer offers a plaintiff full compensation on his or her FLSA claim, and no compromise of the FLSA claims is involved, judicial scrutiny regarding the fairness and approval of the settlement is not required. *See Mackenzie v. Kindred Hosps. E., LLC.*, 276 F.Supp.2d 1211, 1217 (M.D.Fla.2003), *King v. My Online Neighborhood, Inc.*, 2007 WL 737575 (M.D. Fla. 2007).

The instant case involves a situation in which the Court may properly allow Plaintiff to settle and release his FLSA claims against Defendants and may dismiss this action in its entirety with prejudice based on the Parties' resolution of the Plaintiff's claims without compromise. Moreover, even if judicial scrutiny of the settlement were required, the proposed settlement, which includes payment of all monies allegedly due Plaintiff, would be appropriate for approval. This settlement arises out of an adversarial context. All parties have been represented by counsel of their choosing throughout the litigation. The Parties agreed to the terms of this settlement after they were counseled by their respective attorneys. The settlement entered into by the Parties is fair and reasonable based on the fact that the settlement monies to be paid to Plaintiff were negotiated based on Plaintiff's accepted calculations regarding his alleged damages. Plaintiff agrees he is receiving full compensation for his claims based on information exchanged between the Parties. Finally, the settlement avoids the expense and likely lengthy duration of the suit should litigation continue.

### III.   CONCLUSION

Based on the foregoing, the Parties respectfully request that this Court grant the Parties' Motion.

Jointly submitted this 23rd day of October, 2020.

| | |
|---|---|
| **GALLARDO LAW OFFICE, P.A.**<br>*Counsel for Plaintiff*<br>8492 SW 8th Street<br>Miami, Florida 33144<br>Telephone:   (305) 261-7000<br>Facsimile:    (305) 261-0088<br><br>By:   */s/ Elvis J. Adan*<br>        Elvis J. Adan, FBN 24223<br>        elvis.adan@gallardolawyers.com | **GRAY\|ROBINSON**<br>*Counsel for Defendants*<br>333 S.E. 2nd Avenue, Suite 3200<br>Miami, Florida 33131<br>Telephone:   (305) 416-6880<br>Facsimile:    (305) 416-6887<br><br>By:   */s/ Anastasia Protopapadakis*<br>        Ted C. Craig, FBN 0966878<br>        Anastasia Protopapadakis, FBN 051426<br>        Primary e-mail:<br>        ted.craig@gray-robinson.com<br>        Secondary e-mails:<br>        anastasia.protopapadakis@gray-robinson.com<br>        danieska.cuarezma@gray-robinson.com |