UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-23574-MGC

Rajmund Hauer,

    Plaintiff,

vs.

SCI Funeral Services of Florida, LLC,
d/b/a Riverside Gordon Memorial Chapels,
a Florida Limited Liability Company, and
Denise M. Davis, individually,

    Defendants.

_____/

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as the "Agreement"), is entered into by and between RAJMUND HAUER (hereinafter referred to as "Plaintiff") and Defendants, SCI FUNERAL SERVICES OF FLORIDA, LLC D/B/A RIVERSIDE GORDON MEMORIAL CHAPELS and DENISE M. DAVIS (hereinafter collectively referred to as "Defendants"). Throughout this Agreement, Plaintiff and Defendants shall collectively be referred to as the "Parties."

**WHEREAS,** Plaintiff was formerly employed by SCI Funeral Services of Florida, LLC, d/b/a Riverside Gordon Memorial Chapels;

**WHEREAS,** Plaintiff's employment ended on or around September 30, 2019.

**WHEREAS,** Plaintiff is represented by the law firm of Gallardo Law Office, P.A., and specifically attorney Elvis J. Adan, Esq.

**WHEREAS,** Plaintiff filed a lawsuit against the Defendants, with the caption, *Rajmund Hauer, Plaintiff vs. SCI Funeral Services of Florida, LLC, d/b/a Riverside Gordon Memorial*

1

*Chapels and Denise M. Davis, Defendants*, in Case No.: 1:20-cv-23574-MGC, in the United States District Court, Southern District of Florida (hereinafter referred to as the "Lawsuit"), alleging that Plaintiff is entitled unpaid wages/overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.; and

**WHEREAS,** the Parties wish to resolve the claim in the Lawsuit, as well as any other potential wage related claims between them, on a non-admission basis, to avoid the disruption and expense of future litigation.

**NOW THEREFORE,** for and in consideration of the payments to Plaintiff by, or on behalf of, the Defendants in the amount referenced below, the acknowledgements, mutual promises and covenants contained herein by the Parties, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1.  Recitals. The above Recitals are true and correct, are material representations and are incorporated herein by reference.

2.  Consideration to Plaintiff.

    A.  Plaintiff and Plaintiff's counsel will accept the gross settlement amount of Nine Thousand Five Hundred and No/100 Dollars ($9,500.00). This settlement amount shall be allocated and paid (by way of three checks) as follows:

    i.  One check in the amount of Two Thousand Eight Hundred and Fifty Dollars and 0/100 ($2,850.00), less applicable taxes and withholdings, for full compensation of unpaid wages/overtime allegedly owed to Plaintiff for the claim brought in the Lawsuit. All withholdings will be based on the last IRS Form W-4 Plaintiff completed on file with

2

Defendants. The check will be made payable directly to "Rajmund Hauer" and delivered in care of his attorney, Elvin J. Adan, Esq. Defendants shall issue an IRS Form W-2 to Plaintiff in connection with this payment as required by IRS regulations.

    ii. One check in the amount Two Thousand Eight Hundred and Fifty Dollars and 0/100 ($2,850.00) for liquidated damages for the claim brought in the Lawsuit. The check will be made payable directly to "Rajmund Hauer" and delivered in care of her attorney, Elvis J., Adan, Esq. Defendants shall issue an IRS Form 1099 to Plaintiff in connection with this payment as required by IRS regulations.

    iii. One check in the amount of Three Thousand Eight Hundred Dollars and 0/100 ($3,800.00) as attorney's fees and costs. This check will be made payable directly to Gallardo Law Office, P.A.", (EIN 45-5488126), and delivered in care to Plaintiff's attorney, Elvis J. Adan, Esq. Defendants shall issue IRS Form 1099's to Plaintiff and to Gallardo Law Office, P.A., in connection with this payment as required by IRS regulations.

  3. <u>Allocation and Indemnification.</u> No portion of the payment made herein is allocated for any punitive damages. Plaintiff acknowledges and agrees that he is solely responsible for the selection of the method of tax reporting, the tax designation, the tax treatment and the payment of state and/or federal taxes, if any, as to the payments described in section 2 of this Agreement (except for those legal withholdings made by under subsections 2.A.i). The Defendants and their representatives have made no representation or warranties with respect to

3

any state and/or federal tax treatment, tax reporting, or other issues in regard to such payments. In addition to paying federal and/or state taxes, if any, which are required to be paid with respect to the payments made to Plaintiff under this Agreement, Plaintiff agrees to indemnify, hold harmless, and defend Defendants (and anyone acting on their behalf), for the tax reporting method, the tax designation and/or tax treatment of the payments and/or for any employment or income tax withholding liability that may arise in connection with the tax payments (except for those legal withholdings made under subsection 2.A.i), including but not limited to, any deficiencies on any and all penalties and/or interest associated therewith, unless such liability is found by the IRS to have been solely caused by a wrongful action or inaction of Defendants. Plaintiff represents that he is not relying in any way upon the Defendants in this regard. Further, Plaintiff represents that Defendants are not liable for any payment to Plaintiff's attorney, and that he is liable for all payments for attorney's fees and costs to his attorney.

4. <u>No Admission of Liability</u>. This Agreement does not constitute and shall not be construed as or be deemed to be evidence of an admission or concession of any fault or liability or damage whatsoever on the part of any of the Parties hereto. In entering into this Agreement and paying the consideration for this Agreement, Defendants do not admit, and expressly deny, liability of any kind to Plaintiff and the allegations in the Lawsuit. This settlement is being entered into by Defendants to avoid the cost and expense of future litigation.

5. <u>Dismissal of Lawsuit with Prejudice</u>. Within five (5) business days of the full execution of this Agreement by both Parties, the Parties shall file a Joint Motion to for Approval of the Agreement. Within twenty (20) business days of the Court's entry of an order approving the Agreement, Defendants shall deliver to Plaintiff and Plaintiff's counsel the settlement amount as set forth in section 2 above. Within three (3) business days of delivery confirmation of the settlement amount to Plaintiff's counsel's office, Plaintiff's counsel will confirm that

Defendants' counsel has his approval to file the Joint Stipulation For Dismissal With Prejudice, attached hereto as Composite Exhibit A. Defendants' counsel shall file with the Court the fully executed Joint Stipulation To Dismissal With Prejudice and Order of Dismissal With Prejudice.

Plaintiff further agrees that this Agreement is a resolution of any and all potential wage related claims Plaintiff may have related to his former employment with Defendants, and Plaintiff agrees that he will not file any lawsuits, administrative charges, or any other claims for unpaid wages related to Plaintiff's former employment with Defendants. Plaintiff further represents and agrees that he has no other claims against Defendants.

6. <u>Payments and Just Compensation for Hours Worked</u>. Plaintiff represents that, after the exchange of the records in this case by the Parties and with the payments to be made under this Agreement, he will be paid in full for all hours worked during his entire period of employment with Defendants, including any overtime hours worked. Plaintiff further represents that he has received just compensation for all hours worked during his former employment with Defendants and that he is not owed any additional monies from either Defendant.

7. <u>No Other Pending Claims and Closure of Pending Claims</u>. Other than the Lawsuit, Plaintiff represents that as of the date that Plaintiff signs this Agreement he has no suits, claims, charges, complaints, or demands of any kind whatsoever anticipated or currently pending against Defendants (or anyone acting on their behalf) with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board.

8. <u>Attorney Fees and Costs</u>. Except as otherwise set forth herein, each of the Parties shall be responsible for payment of their own attorney's fees and costs. In the event an action is instituted for breach of this Agreement or for any other matter between the Parties then each of the Parties agrees to fully bear their own attorney's fees and costs, including attorney's fees and

costs on appeal.

9. <u>Authority.</u> Plaintiff represents and warrants that he is authorized to enter into and that he has the authority to perform the terms of this Agreement.

10. <u>Severability</u>. If any clause or provision in this Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses that shall remain in full force and effect, with the exception of any clauses and provisions resolving any and all potential wage claims related to Plaintiff's former employment. The Parties do not intend for the language in this Agreement pertaining to the resolution of the any and all potential wage claims to be able to be severed from this Agreement.

11. <u>Governing Law and Venue</u>. This Agreement shall be construed and governed in accordance with the laws of the State of Florida (without regard to its choice of law provisions) and subject to the exclusive jurisdiction of the Florida federal and state courts. Venue shall lie exclusively in the federal and state courts with jurisdiction over Miami-Dade County, Florida.

12. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

13. <u>Interpretation.</u> This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

14. <u>Successors and Assigns</u>. This Agreement is binding on each of the Parties and their respective heirs, successors and assigns.

15. <u>Representations</u>. Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or

their representatives with regard to the subject matter, basis or effect of this Agreement.

16. <u>Binding Effect</u>. All of the terms, covenants, warranties and representations contained herein shall be binding upon the Parties, and their respective heirs, assigns, successors, to the full extent permitted by law.

17. <u>Complete Agreement, Modification</u>. This Agreement is in settlement of any and all wage related claims that Plaintiff now has, ever had, or may claim against the Defendants (or anyone acting on their behalf), related to Plaintiff's former employment with Defendants, consistent with applicable law. This Agreement constitutes the entire agreement between the Parties and supersedes all prior agreements, oral or otherwise, with respect to the subject matter hereof. Neither this Agreement nor any term hereof may be changed, waived, discharged or terminated orally, except by an instrument in writing signed by the party against which enforcement of the change, waiver, discharge or termination is sought.

18. <u>Headings, Gender and Singular</u>. The headings in this Agreement are for purposes of reference only and shall not limit or otherwise affect the meaning hereof. Unless the context otherwise requires, references in this Agreement to any gender shall be construed to include all other genders, references in the singular shall be construed to include the plural, and references in the plural shall be construed to include the singular.

19. <u>Opportunity to Consider and Confer</u>. The Parties expressly warrant and represent that before executing this Agreement, they have fully read and understand the terms, contents, conditions and effects thereof; that in making the settlement represented by this Agreement, they have had the benefit of the advice of counsel of their own choosing; that no promise or representation of any kind has been made to either Party, except as is expressly stated in this Agreement; that they fully understand and are in complete agreement with all terms of this

Agreement; and, that they are entering into this Agreement of their own free will. The Parties further expressly warrant and represent that they have relied solely and completely on their own judgment and the advice of their counsel in making the settlement represented by this Agreement and they agree that they have not relied on any representation or statement not set forth in this Agreement.

20.   <u>Court Approval and Payment</u>. Should the Court specifically not approve the proposed settlement of this litigation, this Agreement shall be null and void and no payment set forth herein shall be required. If the Court approves the proposed settlement of this litigation, Defendants agree that within twenty (20) business days after the Court's approval of the settlement in this matter, and after both the Plaintiff and Plaintiff's counsel provide completed IRS W-9 Forms, the Defendants, or any one of them, will pay the monies as set out in section 2 of this Agreement.

21.   <u>Understanding of Agreement</u>. This Agreement is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this entire fifteen (15) page Agreement (including the Signature Page and the Composite Exhibit) prior to signing and that they understand the words, terms, conditions and legal significance of this Agreement.

22.   <u>Waiver of Jury Trial</u>. Plaintiff and Defendants hereby knowingly, voluntarily and intentionally waive any right either may have to a trial by jury with respect to any litigation related to or arising out of, under or in conjunction with this Agreement or with Plaintiff's former employment.

**[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]**

**THE PARTIES AGREE THAT THIS AGREEMENT CONSTITUTES THEIR ENTIRE AGREEMENT, THAT THEY HAVE READ AND UNDERSTAND ALL ITS PROVISIONS AND REQUIREMENTS, AND THAT THEY ARE ENTERING INTO THIS AGREEMENT VOLUNTARILY AND IN GOOD FAITH.**

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement with the intent to be legally bound hereby.

X _____
RAJMUND HAUER
Dated 10/19/20

STATE OF Florida )
) ss:
COUNTY OF Miami Dade )

SWORN TO AND SUBSCRIBED before me this ___ day of October, 2020 by Rajmund Hauer, who is ( ) personally known to me or (✓) produced ____FDL____ as identification and who did take an oath.

_____
Notary Public,
State of Florida at Large

_____
(Printed Name of Notary Public)

Marleen Oliver
Commission # GG101443
Expires: May 4, 2021
Bonded thru Aaron Notary

(Seal)                    My Commission Expires:_____

**GALLARDO LAW OFFICE, P.A.**

By: Elvis J. Adan, Esq.
Its: _____
Dated: 10/20/2020

9

**SCI FUNERAL SERVICES OF FLORIDA, LLC D/B/A RIVERSIDE GORDON MEMORIAL CHAPELS**

By: _Michael Triesch_
Its: _Vice President_
Dated: _10/22/20_

_____
**DENISE M. DAVIS**
Dated  10 | 22 | 20

**COMPOSITE EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:20-cv-23574-MGC**

Rajmund Hauer,

    Plaintiff,

vs.

SCI Funeral Services of Florida, LLC,
d/b/a Riverside Gordon Memorial Chapels,
a Florida Limited Liability Company, and
Denise M. Davis, individually,

    Defendants.

_____/

## JOINT STIPULATION TO DISMISSAL WITH PREJUDICE

Plaintiff, Rajmund Hauer ("Plaintiff"), and Defendants, SCI Funeral Services of Florida, LLC d/b/a Riverside Gordon Memorial Chapels and Denise M. Davis ("Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties"), having entered into a Settlement Agreement ("Agreement") that resolves all claims that were brought in this Lawsuit, hereby stipulate to the dismissal of this Lawsuit with prejudice. Attorneys' fees and other recoverable costs and expenses, if any, shall be disbursed as specified by the Parties in their Agreement. The Court shall retain jurisdiction to enforce the terms of this Agreement. A corresponding Order of Dismissal with Prejudice is attached hereto as Exhibit A.

Jointly submitted this ___ day of _____, 2020.

| | |
|---|---|
| **GALLARDO LAW OFFICE, P.A.**<br>*Counsel for Plaintiff*<br>8492 SW 8th Street<br>Miami, Florida 33144<br>Telephone: (305) 261-7000<br>Facsimile: (305) 261-0088<br><br>By: _____<br>Elvis J. Adan, FBN 24223<br>elvis.adan@gallardolawyers.com | GRAY\|ROBINSON<br>*Counsel for Defendants*<br>333 S.E. 2nd Avenue, Suite 3200<br>Miami, Florida 33131<br>Telephone: (305) 416-6880<br>Facsimile: (305) 416-6887<br><br>By: _____<br>Ted C. Craig, FBN 0966878<br>Anastasia Protopapadakis, FBN 051426<br>Primary e-mail:<br>ted.craig@gray-robinson.com<br>Secondary e-mails:<br>anastasia.protopapadakis@gray-robinson.com<br>danieska.cuarezma@gray-robinson.com |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-23574-MGC

Rajmund Hauer,

    Plaintiff,

vs.

SCI Funeral Services of Florida, LLC,
d/b/a Riverside Gordon Memorial Chapels,
a Florida Limited Liability Company, and
Denise M. Davis, individually,

    Defendants.
_____/

## ORDER OF DISMISSAL WITH PREJUDICE

THIS CAUSE came before the Court on the Parties' Joint Stipulation of Dismissal with Prejudice, and the Court, having considered same, having reviewed the file, having approved the Settlement Agreement in this matter, and being otherwise advised in the premises, it is hereby

**ORDERED AND ADJUDGED:**

All claims that were raised in this Lawsuit are hereby DISMISSED WITH PREJUDICE, except that this Court retains jurisdiction to enforce the terms of the Parties' Settlement Agreement. Attorneys' fees and other recoverable costs and expenses, if any, shall be disbursed as specified by the Parties' in the Agreement.

**DONE AND ORDERED** in Chambers this _____ day of _____, 2020.

                                                            The Honorable Marcia G. Cooke
                                                            United States District Court Judge

Copies furnished to:
Counsel of Record